PASSAIC COUNTY CIRCUIT COURT.

JOS. MELIS AND ANGELO ANTUZZI, TRADING AS MELIS & ANTUZZI COMPANY, PLAINTIFFS, v. MAX GOLD-STEIN, BUILDER AND OWNER; SAMUEL EICHEN-BAUM, OWNER; SAMUEL SLAFF, OWNER AND MORT-GAGEE, ET AL., DEFENDANTS.

Decided May 11, 1926.

**Mechanics' Lien—Time to Issue Summons Expired on Sunday— Summons was Issued on Monday—Held, Within the Time— Rule Applies to Acts to be Done by Parties as well as Things to be Done by the Court—Mechanics' Lien Act Which Re-quires Summons "Within Four Months" Does Not Exclude Last Day.**

On motion to nonsuit, &c.

For the plaintiffs, *Vincent J. Paterno.*

For the defendants, *Ward & McGinnis* and *Weinberger & Weinberger.*

NEWMAN, J.   This case was originally before me on motion to amend the lien claim, which amendment I denied for the reason that as the last work was done on September 11th, 1924, the time to issue a summons expired on January 11th, 1925, and the summons was not issued until January 12th, 1925, in which event I held that the lien had been discharged by the statute.

When the matter came on for trial, motions for nonsuit were made by the defendants other than the builder, based upon that same ground.   That motion for nonsuit is resisted now for a reason which was not raised on the former motion, viz., that January 11th, 1925, falling on Sunday, the sum-mons was properly issued on January 12th, 1925.   This question was not raised or discussed on the former motion to amend.

On the question of issuing the summons on Monday, January 12th, 1925, I adopt the language of Chief Justice Green in *Stryker* v. *Vanderbilt*, *27 N. J. L.* 68, in speaking of the delivery of a deed, that such construction is "plainly the one best calculated to subserve the interests of the parties," * * * and that "a similar rule should be adopted in construing statutory proceedings requiring acts to be done by parties in the course of judicial proceedings."

It is suggested that such rule does not obtain as to acts to be done by parties, but only as to things to be done by the court, but in *Von de Place* v. *Weller,* *64 N. J. L.* 155, the present Chief Justice suggests that it is doubtful whether such distinction rests upon any solid foundation, and I, therefore, hold that, on that ground, it was sufficient to issue the summons on January 12th, 1925.

It is further urged by defendants that, regardless of the question of Sunday, the lien was discharged because the summons should have issued on the 10th of January, 1925, or before the last day of the four months from the doing of the last work.

It is true that section 18 of the Mechanics' Lien act provides that the summons shall issue within four months from that date, but those words do not operate to exclude the last day of the four months' period. Otherwise, if an act was to be done within one day of a certain event, the act would have to be done on the day of the event, the statement of which seems to demonstrate the unsoundness of the argument. The motion for nonsuit will therefore be denied.

Plaintiffs move to amend their complaint by adding other counts, setting up that certain other defendants agreed to pay the indebtedness. The indebtedness seems to be incurred by a contract in writing, specifically set up in the original complaint, and for that reason the motion to amend by adding other counts will be denied.

The case will be put on the list of cases for trial for the week of May 17th, 1926.